UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NAKIA JAVAA TAYLOR, a Trust<br><br>  Plaintiff,<br><br>  v.<br><br>CREDIT ACCEPTANCE CORPORATION, et al.,<br><br>  Defendants. | Case No. 2:24-CV-393-GSL-JEM |

### **OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Proceed *in Forma Pauperis*. [DE 3]. For the reasons below, the Court denies Plaintiff's Motion to Proceed *in Forma Pauperis* [DE 3] and dismisses the Complaint [DE 1] without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### **DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's motion establishes that Plaintiff is unable to prepay the filing fee. However, there are several problems with Plaintiff's Complaint, [DE 1], and Plaintiff's Motion to Proceed *in Forma Pauperis,* [DE 3].

First, according to Plaintiff's Complaint, "Plaintiff is Nakia Javaa Taylor, a Trust, represented by Trustee/Attorney-in-Fact/Agent Nakia-Javaa; Taylor." [DE 1, Page 2:3]. As an initial matter, if Plaintiff is a Trust, then Plaintiff is ineligible to procced *in forma pauperis*, because "only a natural person may qualify for treatment in forma pauperis under § 1915."

*Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993). As a result, Plaintiff's Motion to Proceed *in Forma Pauperis* must be denied.

Furthermore, it appears that Plaintiff is attempting to proceed both as "a Trust," and a "Trustee." "Plaintiff is Nakia Javaa Taylor, a Trust, represented by Trustee/Attorney-in-Fact/Agent Nakia-Javaa; Taylor." [DE 1, Page 2:3]. In Indiana, a trust "is a fiduciary relationship between a person who, as trustee, holds title to property and another person for whom, as beneficiary, the title is held." *Aspen Am. Ins. Co. v. Blackbaud, Inc.,* 625 F. Supp. 3d 982, 1003 (N.D. Ind. Aug. 30, 2022) (citing *Fulp v. Gilliland*, 998 N.E.2d 204, 207 (Ind. 2013)); *Kesling v. Kesling*, 967 N.E.2d 66, 80 (Ind. Ct. App. 2012). Plaintiff may not proceed in a lawsuit as both a Trust," and a "Trustee," simultaneously.

Plaintiff filed a Complaint as "a Trust" and a "Trustee." This makes Plaintiff ineligible to proceed *in forma pauperis*. Relatedly, Plaintiff may not proceed in a lawsuit as both a Trust," and a "Trustee." The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). For these reasons, the Court:

 (1) GRANTS Plaintiff until **January 13, 2025**, to file an amended complaint; and

(2) CAUTIONS Plaintiff that in the failure to file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: December 13, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court